IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CAMICO Mutual Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:15-cv-1823-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jackson CPA Firm, f/k/a Jackson and Hammond, LLC, f/k/a Jackson and Hill LLC; Brent Hill; Frank Jackson; David Brooks; Marcia Brooks; Jarrod Brooks; Zita, Inc.; AAA Fence Company of Charleston, Inc.; and Mike Dohoney's Barrier Island Construction Specialists, Inc., | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      This matter is before the Court on three cross-motions for summary judgment: one filed by Plaintiff CAMICO Mutual Insurance Company (ECF No. 33); one filed by Defendants Jackson CPA Firm, Brent Hill, and Frank Jackson (the "Accountants") (ECF No. 32); and one filed by Defendants David Brooks, Marcia Brooks, Jarrod Brooks, Zita, Inc., AAA Fence Company of Charleston, Inc., and Mike Dohoney's Barrier Island Construction Specialists, Inc. (the "Clients") (ECF No. 35). After carefully considering the parties' arguments, thoroughly reviewing the record, and studying the relevant authorities, the Court has determined there are genuine disputes of fact on a number of material issues. Those issues include, but are not limited to, the following: (1) whether the Royal Marine and Transport Partners matter ever became a "Claim," as defined in the first sentence of Section IV.(c) of the insurance policies; (2) whether any or all of the Clients' claims against the Accountants are logically or causally connected to the Royal Marine and Transport Partners matter by one or more common facts, circumstances,

situations, transactions, events, advice, or decisions; (3) whether any or all the Clients' claims against the Accountants are logically or causally connected to each other by one or more common facts, circumstances, situations, transactions, events, advice, or decisions; (4) when the Accountants became obligated to inform CAMICO of the matters that later became the Clients' claims; and (5) whether CAMICO's handling of the Clients' claims has been reasonable or instead constitutes bad faith.  Because the genuine disputes involve facts that are material to CAMICO's claim and to the Accountants' counterclaims, the Court cannot grant summary judgment.

Accordingly, the three above-mentioned motions are **DENIED**.  Pretrial briefing, jury selection, and trial shall proceed as previously scheduled.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**June 29, 2016**
**Charleston, South Carolina**