


# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| CAMICO Mutual Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:15-cv-1823-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jackson CPA Firm, f/k/a Jackson and Hammond, LLC, f/k/a Jackson and Hill LLC; Brent Hill; Frank Jackson; David Brooks; Marcia Brooks; Jarrod Brooks; Zita, Inc.; AAA Fence Company of Charleston, Inc.; and Mike Dohoney's Barrier Island Construction Specialists, Inc., | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendants Jackson CPA Firm, Brent Hill, and Frank Jackson's (the "Accountants") motion to compel (ECF No. 55). For the reasons stated herein, the Court denies the motion.

The Accountants' motion relates to a supplemental interrogatory they served upon CAMICO on April 27, 2016. CAMICO objected to the interrogatory on several grounds, one of which was that the interrogatory was untimely under the Court's scheduling order. The Court agrees with CAMICO.

The second amended scheduling order, which this Court issued on February 19, 2016, provides that "[d]iscovery shall be completed no later than by March 4, 2016. All discovery requests shall be served in time for the responses thereto to be made by this deadline."[1] (2d Am. Sch. Order, ECF No. 27, at 1.) Nearly two months later, and nearly three months after interrogatories could be served, the Accountants served the interrogatory at issue. *See* Fed. R.

---
1. The Court entered the scheduling order at the joint request of all parties, including the Accountants.

Civ. P. 6(d); Fed. R. Civ. P. 33(b)(2); Local Civ. Rule 16.02(D)(1) (D.S.C.).  They did so without asking the Court to modify that provision or to otherwise allow late service of any discovery requests.

As other members of this Court have stated,

> [s]cheduling orders are issued not only for orderly and timely work to be done by the attorneys and to provide a framework for deadline requirements that the parties may rely on, but also to serve the purpose of "efficient case management for the court such that the court will not be faced with discovery issues in an untimely fashion."

*Anderson v. United States*, No. 8:12-cv-3203-TMC-KDW, 2015 WL 1268011, at *10 (D.S.C. Mar. 19, 2015) (quoting *Campbell v. Gala Indus.*, No. 6:04-cv-2036-RBH, 2006 WL 1285107, at *1 (D.S.C. May 5, 2006)), *aff'd*, 2015 WL 1754530 (D.S.C. Apr. 17, 2015); *see also Boling ex rel. Boling v. Mohawk Indus.*, No. 3:09-cv-46-JFA, 2010 WL 9944254, at *2 (D.S.C. Mar. 19, 2010) (stating "[t]he use of discovery closure dates" is an "important tool[] for case management." (citation and quotation marks omitted)).  For those reasons, when counsel chooses to flout "the deadlines imposed by an order of this court, the Federal Rules of Civil Procedure, or the Local Civil Rules, he does so at his peril."  *Boling*, 2010 WL 9944254, at *2.

In *Campbell*, Judge Harwell denied a motion to compel responses to several discovery requests because they were served well after the scheduling order's deadline.  2006 WL 1285107 at *2; *see also Mierek v. Bank of Am. Corp.*, No. 7:07-cv-400-HMH-BHH, 2008 WL 746981, at *6 n.2 (D.S.C. Mar. 18, 2008) (stating plaintiff's complaints about defendants' failure to answer interrogatories were "not relevant" because, *inter alia*, plaintiff served the unanswered interrogatories after the scheduling order's deadline).  In the course of denying the motion, Judge Harwell noted that, due to the untimeliness of the requests, the plaintiff had filed the motion "almost five [] months after the close of discovery and now a month before trial," which further frustrated the purpose of the scheduling order.  *Id.* at *1.  Similarly, in this case, the Accountants

filed their motion to compel over four months after discovery ended and less than a month before trial.[2] Given the strong similarities between this case and *Campbell*, the Court concludes the same result is warranted.

Accordingly, the Accountants' motion to compel is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**July 20, 2016**
**Charleston, South Carolina**

_____
2.    Jury selection has been set for August 1, 2016, and the Court has not set a different date for the trial. *See* Local Civ. Rule 16.02(C)(14) n. 11 (D.S.C.).

3